

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Mr. Reed:

Opinion No. O-5396
Re: Construction of the term "desig-
nated industry", as used in Sec-
tion 9, Senate Bill No. 129, 48th
Legislature.

You ask for an opinion by this Department construing the term "designated industry", contained in Section 9 of Senate Bill No. 129, as passed by the 48th Legislature.

Senate Bill No. 129 deals with the subject of hours of labor for female employees.

Section 1 broadly declares:

"No female shall be employed in any factory,
mine, mill, workshop, mechanical or mercantile
establishment, hotel, restaurant, rooming house,
theater, moving picture show, barber shop, beauty
shop, road side drink and/or food vending establish-
ment, telegraph, telephone or other office, express
or transportation company, or any State institution,
or any other establishment, institution or enter-
prise where females are employed, for more than nine
(9) hours in any one calendar day, nor more than
fifty-four (54) hours in any one calendar week."

Section 9 in its entirety is as follows:

"In time of war the Commissioner of Labor Sta-
tistics may, based upon private investigation and
without notice or hearing, if he finds that the em-
ployment of female employees in any designated in-
dustry for ten (10) hours per day will not injure
the health or morals and/or add to the hazards of
their occupation, and that such hours of labor are
in the public interest, file his findings as required
herein, and make an order granting an exemption; and
the employer affected shall be exempt for thirty (30)

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John D. Reed - page 2

days from the provisions of this Act, during which
time if further exemption is desired by employers
affected, notice and hearing as provided herein
shall be had as though no temporary exemption had
previously been in effect."

Section 6 is as follows:

"In addition to the foregoing exemptions, in
time of war and/or when the President of the United
States proclaims a state of national emergency to
exist, female workers employed in industries coming
within the jurisdiction of the Fair Labor Standards
Act of 1938 and amendments thereto, the Act of June
30th, 1936, C. 881, 49 Statute 2036, U.S.Code, Sup-
plement II, Title 41, Paragraph 35-45, as amended
by Act of May 13, 1942, Public No. 552, 77th Con-
gress, 2nd Session, commonly known as the Walsh-
Healey Act, or the Act of March 3, 1931, C. 411,
46 Statute 1494, as amended August 30, 1935, C.
825, 49 Statute 1011, U.S.Code Title 40, Paragraph
276A and Supplement V, Title 40, Paragraph 276A-
276A-6, commonly known as the Bacon-Davis Act, are
exempted from the provisions of Sections 1, 2, 3, 4,
5, and 13 of this Act, and female workers in such
industries may be employed not exceeding ten (10)
hours per day provided such hours of employment in
such industries are not injurious to the health or
morals of female employees, or working such hours
does not add to the hazards of their occupations and
such hours of employment are in the public interest.
Provided, however, that in time of war and/or when
the President of the United States proclaims a state
of national emergency to exist, all female office em-
ployees of such employers coming within the purview
of Section 6 hereof are exempt from the provisions
of this Act."

It will be observed that Section 6 prescribes addi-
tional exemptions from the previously-stated exceptions under
the Act, such additional exemptions being war-time, or execu-
tive proclamations of national emergency. These additional
exemptions pertain to female workers employed in industries
coming within the jurisdiction of the Fair Labor Standards
Act of 1938 and amendments thereto, the Act of June 30, 1936,
C. 881, 49 Statute 2036, U.S.Code Supp. II, Title 41, para-
graph 35-45, as amended by Act of May 13, 1942, Public No.
552, 77th Congress, Second Session, commonly known as the

Honorable John D. Reed - page 3

Walsh-Healey Act, or the Act of March 3, 1931, C. 411, 46 Statute 1494, as amended August 30, 1935, C. 825, 49 Statute 1011, U.S.Code, Title 40, paragraph 276A and Supplement B, Title 40, paragraph 276A-276A-6, commonly known as the Bacon-Davis Act.

Section 9 authorizes the Commissioner of Labor Statistics to make an order granting an exemption upon a finding by him such as is prescribed therein. The Section authorizes such order upon such finding with respect to "female employees in any designated industry." It does not further identify the industries contemplated. The Section does, however, permit the order to be made, "upon private investigation and without notice or hearing." We are of the opinion the exemption contemplated by the provisions of Section 9 means an exemption entirely apart from, and in addition to those exceptions that are made in Section 5, and those exemptions more specifically made in Section 6. It is a permitted class within itself. "Designated industry", therefore, means the particular, named industry made the subject of the Commissioner's order.

Moreover, it will be seen that the exemption contemplated by Section 9 is not limited to those industries which are essential war industries, but on the contrary, they are authorized where the Commissioner makes his finding that they "will not injure the health or morals and/or add to the hazards of their occupation, and that such hours of labor are in the public interest." The "public interest" is a broader and more comprehensive term than the interest of the war measures.

So that, construing the Act, as we must, as a whole, considering each and every part thereof, and giving to each and every part thereof its reasonable and proper meaning, in the light of each and every other part, we beg to advise that the term "designated industry", as it is used in Section 9, is not limited to the industries mentioned in Section 6 of the Act.

This opinion is limited to the sole inquiry by you.

FILED JUN 24, 1943

_Gross Gillu_
FIRST ASSISTANT
ATTORNEY GENERAL

OS-MR

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Ocie Speer_
Ocie Speer
Assistant

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN